Carlos **FERNANDEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–71014.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood,

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony V. Teelucksingh, U.S. Dept of Justice, Criminal Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Carlos Fernandez, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") opinion which summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and may reverse only if the evidence compels such a result, *see INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's finding that Fernandez failed to establish past persecution because he did not show that the Shining Path guerillas targeted him on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1490–91

** This disposition is not appropriate for publi-

(9th Cir.1997). Accordingly, Fernandez's asylum claim fails because he has not shown a nexus to a protected ground. *See Tecun–Florian v. INS,* 207 F.3d 1107, 1109–10 (9th Cir.2000).

Because Fernandez did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Substantial evidence supports the denial of CAT relief because Fernandez did not establish that it is more likely than not that he will be tortured by a group that the government has acquiesced to if returned to Peru. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1196–97 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.